OPINION
On September 27, 2000, the Ashland County Grand Jury indicted appellant, Harold Hootman, on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), one count of domestic violence in violation of R.C. 2919.25(A) and one count of criminal damaging in violation of R.C. 2909.06(A)(1). Said charges arose from an incident on April 23, 2000 involving appellant's girlfriend, Angelique Twining. At the time, appellant was married to Barbara Hootman.
A jury trial commenced on January 4, 2001. The jury found appellant guilty as charged. By judgment entry filed February 21, 2001, the trial court sentenced appellant to an aggregate term of eight years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED WHEN IT DID NOT GRANT DEFENDANT'S MOTION TO INFORM WITNESS, AFTER DISOBEYING AN ORDER OF THE COURT, THAT SHE WOULD BE PUT IN CONTEMPT OF COURT ORDER FOR IMPROPER TESTIMONY AND DID NOT SUSTAIN DEFENDANT'S OBJECTIONS TO PORTIONS OF HER IMPROPER "OTHER ACTS" TESTIMONY.
 II THE TRIAL COURT ERRED WHEN IT ALLOWED TESTIMONY REGARDING "OTHER ACTS" ON RE-DIRECT EXAMINATION AND ERRED WHEN IT ADMITTED PLAINTIFF'S EXHIBIT 15 INTO EVIDENCE.
 III APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I § 10 OF THE OHIO CONSTITUTION.
 IV THE TRIAL COURT ERRED WHEN IT PERMITTED A POLICE OFFICER TO TESTIFY REGARDING HEARSAY STATEMENTS OF THE ALLEGED VICTIM.
 V THE DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND A FAIR TRIAL BASED ON THE DOCTRINE OF CUMULATIVE ERROR.
 I
Appellant claims the trial court erred in not cautioning Ms. Twining on the possibility of contempt and permitting her to give "other acts" references. We disagree.
Evid.R. 404(B) excludes evidence of "other crimes, wrongs, or acts" "to prove the character of a person in order to show that he acted in conformity therewith." However, it may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." R.C. 2945.59
governs proof of defendant's motive and states the following:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
Although appellant was married, appellant and Ms. Twining, the victim, had been involved in a relationship and had a child together. T. at 195-197, 474. On direct examination, Ms. Twining explained the events leading up to the charges and "peppered" her testimony with comments such as "it would be worse than the last time," "[i]t reminded me of the incident" and "here we go again." T. at 212, 219, 220.
The trial court instructed Ms. Twining to confine her answers "in such a way that you don't make reference to previous incidents between yourself and the defendant." T. at 222. Ms. Twining told the trial court she understood the instruction. T. at 222-223. After this instruction, Ms. Twining was asked "[d]id Harold Hootman, while he was in your apartment, threaten your life?" Ms. Twining responded "[n]ot on that day, no." T. at 232. It was at this time that defense counsel asked for an instruction "that the court may find her in contempt of court." T. at 233. The trial court did not view the response as being against its specific orders and declined to do so. T. at 233.
Immediately after this exchange, Ms. Twining was asked whether appellant "had threatened you with additional beatings that night, future beatings" to which she responded "[y]es. T. at 234. Ms. Twining then was asked "[w]hat did he say?" Ms. Twining responded "he told me that if I kept on fucking with him, that the last — that that would be nothing compared to the last time." T. at 234. We do not find this testimony to be an "other acts" violation, but a statement made by appellant against his interest which would qualify as an exception to the hearsay rule. See, Evid.R 802 and 803(1).
Ms. Twining testified she attempted to call 911, but appellant "had pulled the phone cord out of the wall, which is something he had done in the past." T. at 235. The trial court gave a cautionary instruction to the jury "to disregard any reference to past incidents she just made or made in the past." T. at 236.
We note that it is evident that the state's direct questions of Ms. Twining were not calculated to get the "other acts" responses she made.
Rulings on evidence are left to the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The trial court cautioned Ms. Twining and specifically cautioned the jury to disregard the references made by her regarding past incidents. Upon review, we fail to find any abuse of discretion on this matter.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in permitting "other acts" testimony by Ms. Twining while she was explaining why she testified differently at the preliminary hearing. We disagree.
The state questioned Ms. Twining on her previous testimony given at the preliminary hearing. Ms. Twining stated she did not testify truthfully on that day because she was afraid of appellant. T. at 252.[1] On cross-examination, defense counsel asked Ms. Twining about her previous testimony at the preliminary hearing, her refusal to testify at the grand jury proceeding and her plea to obstruction of justice. T. at 257-261, 275. Defense counsel also cross-examined her on a previous municipal court charge that she had filed against appellant and then took the stand and testified "it didn't happen." T. at 266. Defense counsel asked Ms. Twining about her fear of appellant, and questioned her regarding an incident wherein she rammed appellant's friend's car resulting in a child endangering charge to which she pled guilty. T. at 267, 270. Defense counsel also asked Ms. Twining about her corresponding with and visiting appellant while he was in jail pending trial. T. at 268, 280-281.
As a result of the cross-examination, the state asked Ms. Twining why she had lied at the previous municipal court trial. T. at 292. Ms. Twining stated "[b]ecause I loved him. I didn't want him to get in trouble." T. at 292. The state also asked her why she lied during the preliminary hearing. T. at 292-293. Ms. Twining explained appellant made threats to her, told her how to testify to explain the injuries and threatened to kill her mother and "rape my mother in front of me." T. at 293. The state asked Ms. Twining why she feared appellant on the night in question and she explained it was because of his prior acts including previous assaults and numerous threats. T. at 294-301.[2] Letters written by appellant and sent to Ms. Twining were produced wherein appellant attempted to convince her to testify a certain way. T. at 311-323; State's Exhibits 17, 18, 19, 20, 21.
The cross-examination of Ms. Twining regarding her previous acts of "attacking" appellant qualified under Evid.R. 608(B) and 801(D)(1). It then became fair game to ask Ms. Twining to explain her answers. We would be hard pressed to characterize this as invited error given the totality of Ms. Twining's testimony. In fact, the testimony became relevant under Evid.R 401 which defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Essentially, we find no error in the state's approach to this usual recantation of a denial of an assault, nor do we find the references to prior acts to be excessive.[3]
Assignment of Error II is denied.
 III
Appellant claims he was denied the effective assistance of trial counsel. We disagree.
The standard this case must be measured against is set out in State v.Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied 497 U.S. 1011. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668, 696.
Appellant's issues on ineffective assistance of trial counsel address the testimony of Ms. Twining as raised in Assignments of Error I and II. Appellant argues his counsel "opened the door" to the "other acts" evidence by crossing Ms. Twining on other incidents of conduct. As noted in Assignment of Error II, we do not consider such cross-examination to be invited error, but to qualify under Evid.R 608(B) and 801(D)(1).
The hard facts of this case were that Ms. Twining had a long and two-sided tumultuous history with appellant. Her recantation at the preliminary hearing was important to the defense as well as her previous incidents of conduct and were permitted under Evid.R 616(C). If defense counsel had not pursued the prior inconsistent statement, it would have been considered error.
We find no deficiency in defense counsel given defense counsel's strenuous objections to the "other acts" testimony and cross-examination of Ms. Twining.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in permitting Sergeant Steven Hoover to testify to statements made to him by Ms. Twining upon his arrival on the scene. We disagree.
In his brief at 21, appellant complains of the following statements:
 She was awakened by Appellant shaking her foot and pointing a flashlight in her face.
 Appellant said to her `. . . get up, bitch. You've been fucking with me too much.'
 She went to the bathroom with the baby where the two argued and Appellant head — butted her.
Appellant head-butted her four or five times.
She did not know how Appellant entered the apartment.
She states, `I can't believe Harold did this . . .'
Appellant had told her that her tires were flat.
(Later) A BB pistol was missing from the apartment.
The state argues although Sergeant Hoover testified prior to Ms. Twining, he did not offer the statements as truth of the matter asserted, but to explain the investigation. Lieutenant Geoff Thomas testified Ms. Twining gave him statements consistent with the statements she made to Sergeant Hoover. T. at 419-420.
The statements made by Ms. Twining were consistent. In the abstract, it could be legitimately argued that they were not offered for the truth of the matter asserted. However, under the circumstances of Ms. Twining's recantation, we are hard pressed to adopt this argument. Ms. Twining's credibility was a major issue at trial.
The statements made to Sergeant Hoover qualify under Evid.R 803(2) as an excited utterance which is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." In order to qualify as an excited utterance "consideration must be given to (a) the lapse of time between the event and the declaration, (b) the mental and physical condition of the declarant, (c) the nature of the statement and (d) the influence of intervening circumstances." Weissenberger, Ohio Evidence 1997 Courtroom Manual (1996) 353.
Sergeant Hoover arrived on the scene while Ms. Twining was still on the phone. T. at 123. Ms. Twining had a noticeable large lump on her forehead and she immediately told him what had happened. T. at 124-126. Sergeant Hoover observed Ms. Twining to be "crying. Pouty. Very excited. Mad. A combination of all those pretty much at the same time." T. at 127. Sergeant Hoover further explained "she was crying. She had tears. She kept swabbing her eyes with a Kleenex. She was talking, I described mad, I can't believe Harold did this, very firmly, sternly, maybe in that tone of voice, if that makes sense. Upset. Still shaking a little bit. Body was." T. at 128. We find the facts regarding the complained of testimony as being close in time and immediately after the assault to qualify as an excited utterance.
Ms. Twining's prior consistent statements to Sergeant Hoover and Lieutenant Thomas also qualify under Evid.R 801(D)(1) which governs statements that are not hearsay and states as follows:
 Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (a) inconsistent with his testimony, and was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (c) one of identification of a person soon after perceiving him, if the circumstances demonstrate the reliability of the prior identification.
The statements could be construed as rebutting appellant's claim of fabrication.
Assignment of Error IV is denied.
 V
Appellant claims the cumulative errors raised warrant reversal. We disagree.
Having found no error in the assignments of error supra, this assignment of error is denied.
The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] Ms. Twining was charged with obstruction of justice as a result of the preliminary hearing testimony and pled guilty to the charge. T. at 252-253.
[2] The trial court permitted photographs of Ms. Twining depicting bruises from an alleged incident approximately three weeks prior to the incident sub judice. T. at 296-300; State's Exhibits 14, 15 and 16.
[3] We note the trial court gave a timely instruction on "other acts" during the jury charge. T. at 686.